## The Ætna Insurance Company
## v.
## Alexander Platt.

*Fire Insurance — Policy of — Conditions — Arbitration — Election to Rebuild.*

In an action brought to recover upon a fire insurance policy, this court holds, in view of the conditions thereof, that the submission to arbitration to ascertain the damage, did not amount to an election to pay the loss and a waiver of the right to rebuild or repair.

[Opinion filed June 26, 1891.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN & KIRBY, for appellant.

Messrs. MORRISON & WHITLOCK, for appellee.

PLEASANTS, J.   The declaration in this case contained only one count, which was on a policy of insurance issued by appellant January 20, 1887, for three years, for $3,200 upon appellee's residence and $800 on the furniture and other personal property therein.   It set forth the policy at length, which contained, among others, the following provisions: "Payments of losses shall be made in sixty days after the loss shall have been ascertained and proved, and in case differences shall arise touching the amount of any loss or damage, it shall be submitted to the judgment of arbitrators, mutually chosen, whose

award in writing shall be binding upon the parties. In case of any loss on or damage to the property insured, it shall be optional with the company to replace the articles lost or damaged, with others of the same kind and equal goodness, and to rebuild or repair the building or buildings (reasonable deduction being allowed for the increased value of new in replacing old material) within a reasonable time, giving notice of their intention so to do within thirty days after the preliminary proofs shall have been received at the office of the company." It averred that on March 27, 1889, the house was burned and damaged to the full amount of the insurance; that the parties were unable to agree upon the amount of loss or damage, and submitted the question to two arbitrators, setting forth the submission, which provides that their appraisement and estimates in writing, "as to the amount of such loss or damage, shall be binding on both parties;" and concludes as follows: "It being understood that this appointment is without reference to any other question or matters of difference within the terms and conditions of the insurance, and is of binding effect only so far as regards the actual cash value of or damage to such property covered by Policy No. 3,491 of said company, issued at the Jacksonville, Ill., agency;" and that said arbitrators proceeded in their duty and rendered their award in writing, and awarded to plaintiff, as the amount of his loss and damages sustained, the sum of $3,855.60; by means whereof the defendant became liable, etc.

To this declaration a single plea was filed, averring that "after the submission and award in plaintiff's declaration mentioned were made, and within thirty days after the preliminary proofs of any loss by fire, on the part of the plaintiff, were received by defendant at its office, the defendant, by its agent, gave notice to the plaintiff of its intention to rebuild and repair the building of the plaintiff burned and damaged by fire in the said declaration described, and within a reasonable time after giving such notice as aforesaid, to wit, within eight days thereafter, the defendant, through and by a builder employed by the defendant, undertook and began to rebuild and repair the said building, but the plaintiff refused to per-

mit the said builder to rebuild or repair said building; and this the defendant is ready to verify."

A general demurrer to this plea was sustained, and the defendant having elected to stand by it, a judgment by *nil dicit* was rendered in favor of plaintiff.

The sole question argued is whether the submission to arbitration was an election by the defendant to pay the loss and damage found by the award, and a waiver of the right to rebuild and repair.

To maintain the affirmative it is said there is an inconsistency between a proceeding to ascertain the amount of the loss and a determination, when ascertained, to rebuild instead of paying it. The inconsistency has not been pointed out in the argument, nor do we perceive it. To assume that the object in ascertaining the amount must be to make payment of it, is to beg the question. While ascertainment of the amount must necessarily precede its payment, it may not impose an obligation to pay; and while it does not necessarily precede a choice to rebuild, it may consistently and properly do so, as a guide to intelligent choice. The question still is, what was the contract? Did it contemplate that the company might exercise this choice after ascertainment of the loss, if it should see fit, as well as before?

Manifestly the option reserved in the policy was for the benefit of the company and not of the insured. It must have been supposed to be a right or privilege of some value— that the company in some cases might, with advantage to itself, choose to pay the loss when ascertained, and in others to rebuild. A right or privilege of choice implies a right or privilege to ascertain, if practicable, between what, precisely, it is to be made. Here the option was not, as counsel put it, between rebuilding and arbitrating, but between rebuilding and paying. Rebuilding what, and paying what? Surely not rebuilding a house of which the size, form, materials and style were unknown to the company, or in dispute; and why not as surely, not paying a loss or damage the amount of which was so unknown or in dispute? Ascertainment of the amount of loss or damage, it is also said, has nothing

to do with rebuilding, but much with paying; and therefore that any proceeding by the company to ascertain it is a decisive election not to rebuild but to pay. By the same reasoning any inquiry by the company as to the form, size, style and material of the house destroyed, with a view to the cost of the rebuilding, should be held an election to rebuild. But both inquiries manifestly have an important bearing upon the election, and might, in fact, be made and prosecuted at the same time. In that case, clearly, neither proceeding would amount to an election, but both would disprove it. We see nothing in the fact that they are made successively, which should change the effect, the object of each being to enable the company to make the election.

Nor do we perceive any such force in the fact that the loss was ascertained by arbitration, in which the insured joined and by which he was bound. It was but a substitute for an agreement upon the amount, to which they were both bound by the policy to resort in case of disagreement, if for any reason a conclusive ascertainment was to be reached; and to enable the company, in view of that amount, to exercise intelligently the option it had reserved was just as proper and lawful a purpose as that of paying it. The company could not ascertain it certainly in time to make the election, except through means by which the insured would be also bound, and in which he must join agreement or arbitration, and surely it could admit the amount claimed as the loss without thereby waiving its option to rebuild. The entire right of the insured was to get that amount in money or have his house rebuilt, at the election of the company, and notice of it within the time prescribed. The conclusive ascertainment of that amount in no way impaired his right or changed his position. To hold it an election of itself, would practically deny to the company all the advantage of a right to elect. We do not understand any of the cases cited as so holding, and are of opinion that by the terms of the policy the company had the right, before electing, to ascertain the loss and the cost of rebuilding, because it was between them that it was to choose; and to do so rationally it must have the right to know and compare the alternatives.

Furthermore, the submission expressly excluded the conclusion that the company elected to pay the amount to be found. Full effect is given to the award, under the submission, by holding the amount found to be that between the payment of which and rebuilding the company must elect. That the plea set up a good defense, see Beals v. Home Ins. Co., 36 N. Y. (9 Tiffany) 352. For the error in sustaining the demurrer thereto the judgment will be reversed and the cause remanded.

*Reversed and remanded.*