## Alexander Platt v. Ætna Insurance Company.

53 107
153s 113

1. ARBITRATION—*Between Insured and Insurer.*—Where the company and the insured submitted the differences between them as to the value of property destroyed, to arbitration upon a written submission, excluding all other matters relating to such insurance, *it was held*, that the written submission excluded the conclusion that the company elected to pay the amount found by the arbitrators, and that by the terms of the policy, and of the written submission, the company had the right, before electing, to ascertain the cost of rebuilding, and to submit the question of the value of the property destroyed, to arbitration.

Memorandum.—Assumpsit on policy of insurance. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Declaration on policy, etc.; plea by defendant, except as to the sum of $800, the value of chattel property in the declaration, the plaintiff ought not to have this action, etc., because it says that after the submission and award in the declaration mentioned were made, and within thirty days after proofs of loss were received by defendant, at its office, it gave notice to the plaintiff of its intention to rebuild and repair said building burned and damaged by fire mentioned in the declaration, and within eight days thereafter, by a builder, undertook,

and began to repair said building, but the plaintiff refused to permit the same. Demurrer to plea overruled and judgment; plaintiff appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

*Conditions of the policy:*

Payment of losses shall be made in sixty days after the loss shall have been ascertained and proved, and in case differences shall arise touching the amount of any loss or damage, it shall be submitted to the judgment of arbitrators, mutually chosen, whose award, in writing, shall be binding upon the parties. In case of loss or damage, it shall be optional with the company to replace the articles lost or damaged with others of equal value, and to rebuild or repair the building or buildings (a reasonable deduction to be made for old material), within a reasonable time, giving notice of their intention so to do within thirty days after preliminary proofs shall have been received at the office of the company.

### AGREEMENT OF SUBMISSION TO APPRAISERS.

It is hereby agreed by Alexander Platt, of Jacksonville, and Ætna Insurance Company, that Samuel D. Lindsay and Nathan Buckingham (with a third person to be appointed by them, if necessary) shall appraise the true cash value of the damage by fire to the property of Platt, specified below, which appraisement and estimate by them, in writing, as to the amount of such loss or damage, shall be binding on both parties. This appointment is without reference to any other question or matters of difference within the terms and conditions of the insurance, and is of binding effect only so far as regards the actual cash value or damage to the property covered by policy 3491 of Jacksonville agency. The property to be appraised is the one and two-story brick building on lot 10, Chambers' addition to Jacksonville. The appraisers to take into consideration the age, condition, etc., of the property, and value of walls, etc., saved. And after making an estimate of the cost of replacing said building, a proper deduction should be made by them for the difference between the value of new or replaced building and the one insured; to exclude from the amount of damage any sum for previous depreciation from age, use, etc., and simply to arrive at the damage actually caused by the fire.

Signed,        ALEX PLATT.
                          O. E. CULBERSON,
                   State Ag't Ætna Insurance Co.

Oath of arbitrators in usual form.

### AWARD:

After careful examination, have appraised the property according to the foregoing appraisement, and making deductions for age, condition, etc., and deductions for walls, etc., saved, we have appraised and determined the damage to be $3,855.60.

April 18, 1889.          Signed,     N. A. BUCKINGHAM,
                              S. D. LINDSAY.

MORRISON & WHITLOCK, attorneys for appellant.

EDWARD P. KIRBY, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action was by appellant to recover under an insurance policy issued by the appellee company ,the value of a building which had been destroyed by fire. The declaration alleged that the company and the appellee mutually submitted the differences between them as to the value of the house to arbitration upon a written submission; that the arbitrators fixed the damages at $3,855.60, and rendered an award accordingly; and its other allegations were upon the theory that the company became absolutely liable to pay the amount found by the arbitrators. The company filed a single plea, in effect that the provisions of the policy permitted it to discharge its obligations by erecting a new building to take the place of the one destroyed by fire. The appellant insisted that the company, by entering into the arbitration, waived the right to elect to rebuild, and became irrevocably bound to pay the damages assessed by the arbitrators, and on that ground demurred to the plea. The court sustained the demurrer and the case came to this court on appeal. Ætna Insurance Company v. Platt, 40 Ill. App. 191. We held that the written submission executed by the parties by its express terms excluded the conclusion that the company elected to pay the amount found by the arbitrators, and that by the terms of the policy and of the written submission the company had the right, before electing, to ascertain the cost of rebuilding, and that the plea presented a complete defense and accordingly reversed the judgment of the Circuit Court and remanded the cause. When the case came again into the Circuit. Court, the plaintiff, being the present appellant, filed six replications to the plea, in effect as follows : 1. That after proofs of loss made, and before the submission to arbitrate, Platt requested the company to rebuild. 2. That he offered to furnish the com-

pany without cost or expenses to it, the plan and specifications of said building by which it would ascertain the costs and expenses of rebuilding. 3. That the company absolutely and unconditionally refused to rebuild, and stated that it was not engaged in rebuilding houses. 4. That the company demanded an arbitration as provided for in the policy, and stated that Platt could either arbitrate or sue in the courts. 5. That upon an award by the arbitrators being made that the company would pay the award. 6. That Platt paid out the sum of $30 as costs of witnesses and fees of the arbitrators. The court sustained a demurrer to each of the replications, and as the appellant refused to further plead, rendered a judgment for the appellee company from which judgment the case is again before us on appeal. The replications, except the sixth, set up nothing more than propositions and statements *pro* and *con* of the parties during their negotiations prior to the written submission, and upon familiar and fundamental principles were all merged therein. If we were right in ruling when the case was first before us that the terms of the written submission excluded the conclusion that the company elected to pay instead of rebuilding, it follows that the rulings of the court upon the demurrers to the replications were correct. We find no reason to recede from our former conclusion. The sixth replication avers that the appellant paid out the sum of $30 to the witnesses and arbitrators. If the written agreement to submit to arbitration expressly reserved to the company the right to elect to rebuild rather than pay the amount of damages found by the arbitrators to have been occasioned by the fire, surely the fact that the appellant had voluntarily paid the fees of the witnesses and arbitrators could not have the effect to destroy such right of election. The judgment is right and must be affirmed.